Gallatin Turnpike Company *v.* The State.

GALLATIN TURNPIKE COMPANY *v.* THE STATE.

1. CONSTRUCTION OF STATUTE. *Duty of the court.* It is the duty of the court to construe a statute, upon the request of a litigant, so as to guide the jury in applying the testimony.

2. BOUNDARIES OF A CORPORATION. *How run.* If an act of the Legislature extending the corporate limits of a town describe the boundary as commencing at the bridge on the Gallatin turnpike, thence west with the Red river pike, and including it, to a given point, the court should, on request, have instructed the jury that the line should be so run, if possible, as to make a continuous line, and not two lines, first in one direction, and then in another.

FROM SUMNER.

Appeal in error from the Circuit Court of Sumner county.   Jo. C. STARK, J.

J. J. TURNER and J. W. BLACKMORE for Turnpike Company.

S. F. WILSON and HEAD BROS. for Mayor and Aldermen.

ATTORNEY GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The grand jury of Sumner county found a presentment against the corporation of the town of Gallatin and the Gallatin Turnpike Company for failing to repair a bridge. The jury, at the trial, rendered a verdict in favor of the town and against the turnpike company. The company appealed in error.

The bridge was built many years ago by the turnpike company, at a time when the corporate limits o

the town on the west were more than a hundred yards
distant from the bridge.     The corporate limits of the
town have since been extended westwardly by acts of the
Legislature until they have crossed the creek over which
the bridge is built to the north of the bridge certainly,
and to the middle of the creek south of the bridge.   The
doubt was whether the bridge also was not brought within
the corporation.     The trial judge correctly charged the
jury that if the bridge was not within the corporate
limits of the town, it was the duty of the turnpike
company to keep it in repair; but if the corporate
limits had been so extended as to include the bridge,
then the town authorities would be · liable for failing
to repair; and that if the bridge was partly in and
partly out of the corporation, it would be be the duty
of both the town and company to repair.

By an act of the Legislature, passed in 1869, it
is enacted: " That the boundaries of the town of Gal-
latin shall be as follows: Commencing at the bridge
on the Nashville and Gallatin turnpike, thence west
with the Red river pike, and including it, to Blythe
street," etc., giving the various calls, and closing
the boundary by running "to the creek, and thence
up with the creek to the beginning at the bridge."
The Red river pike joins the north side of the Gal-
latin turnpike on the west bank of the creek, imme-
diately at the abutment of the bridge in controversy,
the western line of the Red river pike, as well as
the western line of the Gallatin pike, coming up to
the northwestern abutment of the bridge, and the east-
ern line of the Gallatin pike coming up to the south-

western abutment. The end of this last abutment is on a line with the western side of the Red river pike, so that: "Commencing at the bridge on the Nashville and Gallatin turnpike," at or near the end of the abutment, "thence west with the Red river pike, and including it," would exactly meet the calls of the statute. The result of thus commencing the boundary, and closing the same by coming back to that point, would be to throw the bridge entirely within the corporate limits of the town. And this is the only way in which we can have a continuous line from the beginning "at the bridge on the turnpike, west with the Red river pike, and including it," which the statute manifestly contemplates.

The direction of the beginning line thus run is not due west, but northwest, and no line westwardly merely including the Red river pike could be otherwise, for that road goes off from the Gallatin pike northwestwardly. The contention of the town corporation is that the statute should be read as if it first called for a due west line, and then for the western line of the Red river pike. In this view, witnesses were introduced who say that a due west line from any part of the Gallatin turnpike at the bridge, except at the northeast abutment, would not touch the Red river pike; that such a line run from the northeast abutment would cross the creek just above the bridge, cross the Red river pike about where it joins the Gallatin pike, and strike the western boundary of the former pike, which it might then follow so as to include the pike in the limits of the town. But such

a line would be nearly at right angels with the Red river pike, and consequently with the line called for by the statute. The call of the statute is, moreover, for one line in the same direction, not for two lines running in different directions. If, therefore, the trial judge was right in saying to the jury generally, without undertaking to construe the statute, that it was a question for them to determine from all the evidence where the beginning corner was, there is no evidence to sustain the verdict, if the call of the statute from that corner be followed.

But the plaintiff in error was entitled, upon its special request, to have the statute construed by the court, and to have a charge upon the particular facts. The company requested the judge to charge: "That under the language used in the charter of 1869, namely, 'at the bridge on the Nashville and Gallatin turnpike, thence west with the Red river pike, and including it, to Blythe street,' the line should be so run, if possible, as to make a continuous line, and not two lines, first in one direction to the pike, and then in another with it." The construction of statutes, as of other written instruments, belongs to the court: Brown v. Hamlett, 7 Lea, 732. And the trial judge, upon the request of the turnpike company, should have construed the statute in question so as to have guided the jury in applying the testimony. The construction embodied in the above special request was substantially correct, and should have been given.

The judgment must be reversed as to the turnpike company, and the cause remanded for a new trial.